### EBERHARD CORDES v. MATHIAS MILLER.

*Discharge of covenant in a lease.*

A covenant in the lease of a wooden building, binding the landlord to rebuild in case it burns, is released by the passage of a valid municipal ordinance forbidding the erection of wooden buildings.

Error to Kent. Submitted Oct. 24. Decided Oct. 31.

ASSUMPSIT on covenant in a lease. Defendant brings error.

*J. W. & O. C. Ransom* and *T. B. Church* for plaintiff in error.

*Taggart & Wolcott* for defendant in error. Inability to perform a contract does not release one from his legal obligations, 1 Chitty Cont., 1074.

COOLEY, J.  Miller, on the fourth day of October, 1872, rented of Cordes, for the term of ten years, a wooden building in Grand Rapids, at a specified annual rent. The lease contained a covenant on the part of Cordes that "if said building burns down during this lease, said Cordes agrees to rebuild the same in a suitable time, for said Miller."  Miller went into possession and occupied the building for a restaurant and saloon until May 26, 1874, when it was destroyed by fire.  Within a week Miller notified Cordes to rebuild, and some preparation to do so would appear to have been made by the removal of the *debris* of the fire.  June 15, 1874, the common council of Grand Rapids passed an ordinance prohibiting the erection of wooden buildings within certain limits which embraced the site where the burned building had stood.  Cordes afterwards went on and prepared plans and specifications for a larger brick building, and contracted for putting it up.  Miller declined to examine the plans or to say anything about them, but in substance he said that when the building was completed, he would move into it.  It was completed in November, and in December Miller moved into a part of it, which was considered by the parties as being equivalent to the old building.  Complaining then that the new building was not put up in a suitable time, he brought this suit on the covenant.

The principal question in the case is whether such a suit can be maintained.  No question is made of the validity of the city ordinance, and it is urged on behalf of the lessor that as the putting up of such a structure as was originally leased was thereby rendered impossible, the covenant was discharged.  *Brady v. Insurance Co.*, 11 Mich., 425.  On the other hand it is argued that rebuilding is not impossible; it is only rebuilding of a specified material that is forbidden; and that Cordes when he rented his building and agreed to rebuild in case of fire, took upon himself all the risks of being compelled to make use of some other material than

wood, as much as he did the risk of the rise in the cost of materials. Some stress is also laid upon the fact that the lease did not mention the material of which the old building was constructed. The court below sustained the action.

If this judgment is correct, then Cordes had placed himself under legal obligation not only to put up a new buiding of some more substantial material than wood, no matter how much greater might be the cost, and to turn it over to Miller for the term at the same rent, no matter how much more the occupation might be worth. Moreover he would be obliged to reproduce the old building, as near as the change in the material would permit, and could not compel his lessee to accept a building differently planned, subdivided and arranged, even though it might be better and at least equally convenient. In other words, in the enforced change of material Cordes could not consult his own interest in making such modifications as the change would be likely to render important and desirable, but would be tied down to the plan and arrangement of a building which it might be well enough to reproduce in the old material, but which would never be chosen if the material were to be brick, stone or iron.

We cannot think this the fair construction of the lease. Cordes covenanted to rebuild, if destroyed by fire, the building he leased; but did not covenant that if not allowed to rebuild that, he would put up another on the same plan, of more substantial and presumably more costly material. Had the exact contingency which has since happened been in the minds of the parties at the time, it is scarcely conceivable that the lessor would have consented to put up a brick building in place of the one leased, and to receive for it the same rent the wood building brought him, when its probable rental value would be considerably greater, and its cost presumably more.

Had this been an agreement by a builder to rebuild

the old building, it would scarcely be urged that the covenant would bind him to erect a new one differing from it so radically as would a brick or a stone structure from one of wood. Had Cordes been selling this land to Miller with a similar agreement respecting the building, it would be equally plain that the change in the law could not work a change in his contract so seriously increasing his responsibility. But in principle the cases suggested would not differ from this in the least. Cordes undertook for something which by a change in the law has become illegal; and his covenant has thereby been discharged.

In this case Cordes prepared accommodations for Miller which the latter has accepted and now occupies. But they were different from the old, and Miller could not have been compelled to accept them. The arrangement was therefore one outside the lease,—not one in compliance with its terms. Probably the course of the parties has in effect been equivalent to an offer on one side and an acceptance on the other of the new quarters in place of the old and under the old lease; but no question concerning that arrangement arises here.

The judgment must be reversed, and judgment entered for Cordes with costs of both courts.

The other Justices concurred.