### William Sullivan v. Michael Monahan et al.

1. LEASE—*covenant as to use of demised premises construed.* A covenant of a lease stipulating the purposes for which the demised premises may be used, by implication precludes the right of the lessee to use the premises for any other purpose than that specified.

Forcible entry and detainer. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Reversed. Opinion filed November 24, 1905.

RAY, DOBBINS & RILEY, for appellant.

F. M. GREEN & Sons, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant was lessor and appellees were lessees of a two-story frame building, located at No. 30 Walnut street, Champaign, Illinois, together with the lot upon which said building was, by virtue of a written lease containing the following provision as to the use, by the lessees, of said premises: "for the purpose of conducting a saloon business." Appellees quit the saloon business in said premises and started a restaurant and lunch counter therein, whereupon, after giving notice to quit, and of his election to determine the lease, appellant instituted an action of forcible entry and detainer against appellees, before a justice of the peace, to recover possession of the premises. Upon appeal to the Circuit Court, a jury was waived, and a finding and judgment entered in favor of appellees.

It is conceded that the only question presented for our

consideration and determination is, whether the language in the lease, viz.: "for the purpose of conducting a saloon business," should be held to constitute an express or necessarily implied covenant restricting the use by appellees of the leased premises to the saloon business, or whether the right of appellees to conduct a saloon business is thereby merely superadded to their right, in the absence of any restrictions, to use the premises for any purpose for which they are adapted, so long as they commit no waste or nuisance.

The familiar rule of interpretation, that the expression of one thing is the exclusion of another, seems applicable in the construction of the lease here involved. The purpose for which the premises were to be used being expressed, it follows that their use for any other purpose must be held to be, by necessary implication, if not by express covenant, prohibited. In McDonald v. Starkey, 42 Ill. 444, where the lease recited that, " in consideration of the many advantages to a neighborhood of a permanent school," certain premises were thereby leased " for the purpose aforesaid," it was said: " That this, on its face, is a lease solely for school purposes, no one will or can controvert." In De-Forrest v. Byrne, 1 Hilton, 43, the language, "now occupied as a timber yard and to be occupied as a timber yard," in a lease was held to constitute an express covenant on the part of the lessee to use the demised premises for no other purpose. In Spalding Hotel Co. v. Emerson, 69 Minn. 292, the lease provided for the premises " to be used for hotel purposes and operated as such," and it was held that the tenant might be restrained from using the same for other purposes. In 18 Am. & Eng. Enc. of Law (2nd ed.), 635, the author of the article on "Leases" states the rule as follows: "The lessor may, by provisions in the lease, prohibit the lessee's use of the premises for particular purposes or provide that they shall be used for a particular purpose only. To constitute a restriction upon their use, the lease need not contain an express covenant by the lessee imposing restrictions; a lease

for a particular use, or to be used for a particular purpose implies a restriction against other uses."

The cases in which it has heen held that provisions in a lease giving the lessee permission or privilege to cut timber or quarry rock on the leased premises, did not restrict the tenant's occupancy to such uses, Reed v. Lewis, 74 Ind. 433, and Burr v. Spencer, 26 Conn. 159, are to be distinguished from the case at bar. In the cases cited, the cutting of timber or quarrying of rock without permission or privilege so to do, would have constituted waste, and the granting of such permission or privilege merely superadded those rights to the right of the tenants to use the premises for any purpose for which they were adapted.

The judgment of the Circuit Court is reversed, and judgment will be entered in this court awarding the possession of the premises described in the lease to appellant.

*Reversed.*