[No. 9906.    Department One.    December 16, 1911.]

WILLIAM HAYTON *et al.*, *Respondents*, v. SEATTLE BREWING & MALTING COMPANY, *Appellant*.[1]

LANDLORD AND TENANT—LEASE—SALOON PREMISES—TERMINATION —ADOPTION OF LOCAL OPTION. The adoption of local option prohibiting the sale of liquors in a town does not terminate a lease of premises used for a saloon, or relieve the lessee from the payment of rent, where the lease merely provided that the lessee may conduct a saloon on the premises in conformity to the ordinances of the town and the laws of the state then in force or thereafter enacted; since it is merely permissive and not restrictive as to the uses to which the property may be put.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 14, 1911, upon findings in favor of the plaintiffs, in an action for rent, upon sustaining a demurrer to an affirmative defense, after a trial on the merits.    Affirmed.

*Wm. A. Greene* and *Geo. McKay*, for appellant.

*Thomas Smith* and *J. L. Corrigan*, for respondents.

PARKER, J.—This is an action to recover two months' rent claimed to be due to the plaintiffs from the defendant under a lease to it of a lot and building in Mount Vernon. From a judgment in favor of the plaintiffs, the defendant has appealed.

The questions here presented arise upon appellant's affirmative defense, the demurrer thereto of the respondents, and the sustaining of that demurrer by the trial court. The affirmative defense thus excluded was, in substance, as follows: The term of the lease is five years, being from November 9, 1907, to November 9, 1912, at an agreed monthly

[1]Reported in 119 Pac. 739.

rental of $100. The only provision of the lease relating to the use of the premises by appellant, is the following:

"It is further understood and agreed that the said party of the second part may during the life of this lease carry on and conduct a retail saloon business in the building now on the north part of said lot four provided, that the conducting of said business is done in conformity with all ordinances of the city of Mount Vernon, now in force or that may hereafter be enacted, as well as all laws of the state of Washington now in force or that may hereafter be enacted."

Under the local option law of 1909, Rem. & Bal. Code, §§ 6292-6314, there was submitted to the electors of the city of Mount Vernon in November, 1910, the question of whether or not the sale of intoxicating liquors should be licensed in that city. Thereupon the electors voted against such licensing, thereby rendering the sale of intoxicating liquors unlawful in that city thereafter. The rent sued for accrued thereafter. Appellant abandoned the premises and tendered possession thereof to respondents before the accruing of these rent installments sued upon.

It is contended that the trial court erred in holding that these facts did not constitute a defense to respondent's claim of rent due under the lease. It is argued that the purpose for which the premises were leased becoming unlawful upon the result of the local option election being ascertained, the lease contract thereby ceased to be binding upon appellant. It seems to us that this argument is rested upon an erroneous view of the effect of the language of the lease relating to the use of the premises by appellant. It is apparently assumed by counsel for appellant that the provisions of the lease above quoted restricts the use of the premises to saloon business. We think that provision does not have such an effect. It is only permissive in that respect, and clearly does not prevent appellant from using the premises for any lawful purpose. The decisions of the courts appear to be harmonious in support of the view that, under such cir-

cumstances as are disclosed by this defense, the lessee cannot regard the lease as terminated by the changed legal status of the liquor traffic, and thus avoid payment of the rent agreed upon by the terms of the lease. The following appear to be directly in point, involving leases where the use of the premises for saloon purposes was merely permissive, as in this lease: *Kerley v. Mayer*, 10 Misc. Rep. 718, 31 N. Y. Supp. 818, affirmed by Court of Appeals in 155 N. Y. 636, 49 N. E. 1099; *O'Byrne v. Henley*, 161 Ala. 620, 50 South. 83, 23 L. R. A. (N. S.) 496; *San Antonio Brewing Ass'n v. Brents*, 39 Tex. Civ. App. 443, 88 S. W. 368. In the following cases the courts express the view that the lessee would be held liable for the payment of the rent under such circumstances as we have here, even though by the terms of the lease the use of the premises be restricted to the saloon business: *Goodrum Tobacco Co. v. Potts-Thompson Liquor Co.,* 133 Ga. 776, 66 S. E. 1081, 26 L. R. A. (N. S.) 498; *Houston Ice & Brewing Co. v. Keenan*, 99 Tex. 79, 88 S. W. 197; *Hecht v. Acme Coal Co.* (Wyo.), 113 Pac. 788. The last cited case, decided in February, 1911, contains an exhaustive review of the law upon the subject.

Counsel for appellant rely upon *Heart v. East Tennessee Brewing Co.*, 121 Tenn. 69, 113 S. W. 364, 130 Am. St. 753, 19 L. R. A. 964. This is the only decision coming to our notice which seems to be not wholly in harmony with those above cited. It is not plain from the language of that decision just what the provisions of the lease were as to the use of the premises by the lessee, but it may be inferred from the language of the court that it regarded the lease as restricting the use of the premises to saloon purposes. If we are correct in this assumption, that decision would not necessarily be out of harmony with an affirmance of this judgment, since we conclude that this lease did not so restrict the use of the premises, but that its provisions in

that respect were merely permissive.   That decision, however, does not seem to be in accord with the weight of authority upon this subject, even though it may be distinguishable from the case before us.   The result reached by this court in *Oldfield v. Angeles Brewing & Malting Co.*, 62 Wash. 260, 113 Pac. 630, is in harmony with the result reached by the trial court in this case, though this exact question was not there involved.   We are of the opinion that the learned trial court was not in error in declining to entertain appellant's affirmative defense.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.