[No. 14090.   Department One.   August 18, 1917.]

## BRUNSWICK-BALKE-COLLENDER COMPANY, *Appellant*, v. SEATTLE BREWING & MALTING. COMPANY, *Respondent*.[1]

LANDLORD AND TENANT—SALOON LEASE—TERMINATION—EFFECT OF PROHIBITION LAW.   A lease of a building "for the purpose of conducting a saloon," stipulating that the lessee is to sign the lessor's consent to applications for sales, and conduct the saloon so as not to injure the reputation of the premises, and in a lawful manner, is terminated by Rem. Code, § 6262-5, prohibiting the sale of intoxicating liquors after January 1, 1916; as it would be unlawful to enforce its provisions.

Cross-appeals from a judgment of the superior court for King county, C. H. Hanford, judge *pro tempore*, entered December 27, 1916, upon findings favorable to the defendant, in an action for rent.   Reversed on defendant's appeal.

*Jones & Riddell*, for plaintiff.

*Wm. D. Totten, Joseph P. Totten*, and *Wm. Phelps Totten*, for defendant.

MORRIS, J.—Action upon two leases to recover rent claimed to be due.   Prior to the last day of December, 1915, the

[1]Reported in 167 Pac. 58.

premises described in the leases were occupied for the sale of intoxicating liquors.    On that day respondent vacated the premises, under its contention that initiative measure No. 3, in effect on January 1, 1916, made further sale of liquor upon the premises unlawful and that the leases thereby terminated. In its answer, in addition to the above plea, respondent pleaded an ordinance of the city of Seattle in effect on January 1, 1916, similar in terms to initiative measure No. 3 (Laws 1915, p. 2, § 1 et seq.; Rem. Code, § 6262-1 et seq.), and invoked the equity jurisdiction of the court to cancel the leases.    The case was heard below prior to our decision in *The Stratford v. Seattle Brewing & Malting Co.*, 94 Wash. 125, 162 Pac. 31, L. R. A. 1917C 931, and the lower court being of the opinion that, upon the question of the construction of the leases, the case was governed by *Hayton v. Seattle Brewing & Malting Co.*, 66 Wash. 248, 119 Pac. 739, Ann. Cas. 1912C 1050, 37 L. R. A. (N. S.) 432, gave judgment for appellant for the fixed rental of the premises for the months of January and February, 1916, held the leases valid up to March 24, 1916, when by its pleading respondent invoked the equity jurisdiction of the court, and sustaining the latter plea, cancelled the leases from and after March 24. The appeal is from that part of the decree cancelling the leases from and after March 24.    Respondent filed a cross-appeal from that part of the decree granting judgment to appellant and holding the leases valid up until March 24.

It will thus be seen that it is necessary for us to determine under which rule the case falls, whether the *Hayton* or the *Stratford* case should control, or whether this case differs from each of the cited cases and falls within a rule of its own.    The *Hayton* case construed a general lease of premises containing this clause: "The second party may during the life of this lease carry on and conduct a retail saloon business in the building."    We held that this was not a restrictive but a permissive use, and that, under the lease, the tenant could use the premises for any lawful purpose, the

quoted language giving the tenant the option to use the premises for saloon purposes if so desired, but in no manner limiting the occupation to such use. In the *Stratford* case, the controlling clause of the lease was: "Said lessees shall not use said premises for any other purpose than that of a saloon." This language was held to create a restriction upon the use of the premises, and since after January 1, 1916, the occupation of any premises within this state for saloon purposes was unlawful, the lease became void as of that day by operation of law. There is a broad distinction between these two cases. In the one the tenant might, if desired, but was not obligated to, use the premises for saloon purposes. In the other it was the sole use permitted. Both cases are adhered to as pronouncing correct rules upon the decisive language considered. In the present case, the language of the leases is: "The premises are hereby leased to the lessee for the purpose of conducting a saloon and selling liquors at retail therein." Other provisions of the lease are to the effect that the lessee is authorized to sign the consent of the lessor to applications for sale of liquor upon the premises; that the saloon shall be so conducted as not to injure the reputation of the building or premises; that the lessee shall furnish indemnity to the lessor against any damage caused through the sale of liquor upon the premises. A special covenant contained in each lease is that the premises "shall be used at all times in a lawful manner."

It is apparent from a reading of these leases that the parties had one and one purpose only in mind, that the premises were let for saloon purposes and were to be occupied as a saloon. The covenants of the lease, when read as a whole, are clearly indicative of this purpose. The parties had no other use in mind and covenanted with this use and no other in contemplation. Otherwise language means nothing. This case is clearly distinguishable from those cases holding that the simple expression in the lease of the purpose for which the premises are to be used or may be used is not a restriction or

limitation upon the use. The distinction is that, in those cases, the leases themselves do not evidence any restrictive intent. In this case they do. Here the leases, when read as a whole, plainly express such intent and the expressed use as the sole use in the minds of the contracting parties. It is a primary rule of interpretation of contracts that the minds of the parties, when clearly expressed in the instrument, must be given effect. The expression of the purpose of these leases was agreeable to the lessor because of the increased rental value of the premises when occupied as a saloon; to the lessee because it had no other use for the premises. In this case, the same consideration moving to the lessor is manifest as in the *Stratford* case. The lessor had a right to say for what purpose the premises should be used. That right was exercised in leasing it for saloon purposes. In 24 Cyc. 1061, it is stated that the law imposes an obligation on the part of the tenant not to put the leased premises to a use apparently violative of the spirit and purpose of the lease as such spirit is evidenced by the recitals therein. Any use of these premises other than for saloon purposes would be not only an apparent but a real violation of the spirit and purpose of these leases as the parties evidenced that spirit and purpose by the language they employed. Having so clearly expressed the only purpose and occupation in the mind of the parties in the execution of these leases, the effect in our opinion is the same as if the premises were restricted to the particular use. *Heart v. East Tennessee Brewing Co.*, 121 Tenn. 69, 113 S. W. 364, 130 Am. St. 753, 19 L. R. A. (N. S.) 964; *Greil Bros. Co. v. Mabson*, 179 Ala. 444, 60 South. 876, 43 L. R. A. (N. S.) 664; *Kahn v. Wilhelm*, 118 Ark. 239, 177 S. W. 403; *Houston Ice & Brewing Co. v. Keenan*, 99 Tex. 79, 88 S. W. 197; *Wertheimer v. Wayne Circuit Judge*, 83 Mich. 56, 47 N. W. 47.

In *Sullivan v. Monahan*, 123 Ill. App. 467, the lease in question recited the use of the premises: "For the purpose of conducting a saloon," the language of these leases. Such a

clause was held to preclude the use of the premises for any other purpose. In *Spalding Hotel Co. v. Emerson*, 69 Minn. 292, 72 N. W. 119, a lease contained this clause: "To be used for hotel purposes," and was held to limit the use for such purposes. The *Heart* case was referred to in the *Hayton* case as not authoritative upon the facts then considered. For this reason, it is assumed by counsel for appellant that we did not approve the rule therein announced. It was not lack of approval but lack of application. As applied to the facts in this case, its reasoning is forceful and pertinent.

There is another applicable rule controlling here, and that is, where the performance of a contract becomes unlawful by reason of a change in the law, performance cannot be enforced. *Cowley v. Northern Pac. R. Co.*, 68 Wash. 558, 123 Pac. 998, 41 L. R. A. (N. S.) 559; *Cordes v. Miller*, 39 Mich. 581, 33 Am. Rep. 430; *American Mercantile Exchange v. Blunt*, 102 Me. 128, 66 Atl. 212, 120 Am. St. 463, 10 L. R. A. (N. S.) 414. The application of this rule is, in part at least, the basis of the opinions in *Greil Bros. Co. v. Mabson, supra*, and *Houston Ice & Brewing Co. v. Keenan, supra*. It is also referred to as of controlling influence in the *Stratford* case, under the provisions of section 5 of initiative measure No. 3 (Rem. Code, § 6262-5), making it unlawful for any person owning or occupying any building to permit the sale of intoxicating liquors therein subsequent to January 1, 1916, except as in the act provided. This rule is as controlling here as in the *Stratford* case. The rule grows out of the change in the law making that which was lawful when contracted unlawful when performance is demanded.

These views being determinative of the main question, no other reference need be made to that part of the decree sought to be reviewed by the main appeal.

The judgment is reversed on the cross-appeal and remanded with instructions to dismiss the complaint and enter

judgment in favor of respondent, cancelling the leases as of January 1, 1916.

Ellis, C. J., Webster, Main, and Chadwick, JJ., concur.