[No. 14146.   Department Two.   January 16, 1918.]

YESLER ESTATE, INCORPORATED, *Respondent*, v.
CONTINENTAL DISTRIBUTING COMPANY
*et al., Appellants.*[1]

LANDLORD AND TENANT—LEASE—TERMINATION—SALOON PURPOSES —PROHIBITION LAW.  The clause in a lease that the premises "may be used for the purpose of carrying on and conducting therein a saloon" creates a permissive and not a restrictive use, and the lease was not terminated by the adoption of the state-wide prohibition act, Rem. Code, § 6262-1 *et seq.*

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 2, 1917, upon findings in favor of the plaintiff, in an action for rent, tried to the court.   Affirmed.

[1]Reported in 169 Pac. 967.

*Greene, Henry & Hemrich,* for appellants.

*Hughes, McMicken, Ramsey & Rupp,* for respondent.

Morris, J.—Action to recover rent for use of premises occupied prior to January 1, 1916, as a saloon.

The controlling question is the proper construction of the lease expiring March 31, 1916, and the effect upon this lease of chapter 2, Laws of 1915, p. 2 (Rem. Code, § 6262-1 *et seq.*), under which the sale of intoxicating liquors became unlawful in this state after January 1, 1916.

The material portions of the lease are:

"That the said party of the first part does by these presents lease and demise unto the parties of the second part those certain premises . . . being the same premises now occupied as a saloon. . . . That the said premises hereby demised may be used for the purpose of carrying on and conducting therein a saloon for retail sales only . . . and in case the said premises are used for saloon purposes, it is expressly understood and agreed that no draught beer, ale, porter or other malt liquors shall be sold in said premises, except from two kegs under the bar and to be drawn from only two spigots, nor shall any cigar stand, other than the usual cigar case in first class saloons, be maintained or conducted therein, nor shall there be any cooking carried on in said premises, but the same shall be at all times used only for the purpose of a high class, orderly and respectable saloon, subject to the restrictions hereinbefore set forth."

Subsequent clauses provide that the lessees will keep harmless the lessors from all claims arising out of any suit or claim for damages against the lessors by reason of the sale of intoxicating liquors to any person.

Our inquiry is to be determined by reference to the cases of *Hayton v. Seattle Brewing & Malting Co.*, 66 Wash. 248, 119 Pac. 739, Ann. Cas. 1912C 1050, 37 L. R. A. (N. S.) 432; *The Stratford v. Seattle Brewing & Malting Co.*, 94 Wash. 125, 162 Pac. 31, L. R. A. 1917C 931; and *Brunswick-Balke-Collender Co. v. Seattle Brewing & Malting Co.*, 98 Wash. 12, 167 Pac. 58. In the *Hayton* case, the lease

provided "the party of the second part may during the life of this lease carry on and conduct a retail saloon business in the building." This language was held to create a permissive and not a restrictive use. In the *Stratford* case, the lease provided that "said lessees shall not use said premises for any other purpose than that of a saloon." This was held to create a restrictive and not a permissive use. Both of these cases are referred to and the distinction between them pointed out in the *Brunswick-Balke-Collender* case, where the language of the lease was "the premises are hereby leased to the lessees for the purpose of conducting a saloon and selling liquors at retail therein." This, and other portions of the lease there referred to, were held to mean that the parties to the lease had but one purpose in mind in entering into the lease—the use and occupancy of the premises for saloon purposes—it being our opinion that the lease evidenced a restrictive intent and the effect was the same as if the premises were restricted to that particular use as in the *Stratford* case. This lease falls neither within the *Stratford* case as containing a restrictive clause, nor within the *Brunswick-Balke-Collender* case as evidencing a restrictive intent construed as a restrictive clause. Its class is clearly that of the *Hayton* case creating a permissive use, the controlling clause, "the said premises hereby demised may be used for the purpose of carrying on and conducting therein a saloon," is identical in meaning with "the party of the second part may, during the life of this lease, carry on and conduct a retail saloon business," the language of the *Hayton* case. The subsequent references to the manner of conducting the business, if occupied as a saloon, are only conditional upon the permissive use and are neither restrictive clauses nor do they operate to create a restrictive intent.

These observations make it clear that the judgment below was correct, and it is therefore affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.