### Antonio DiBiasio *vs.* Gertie Ross.

#### JUNE 22, 1920.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Contracts. Abandonment of Contract. Recovery of Value of Work Performed.*

Where plaintiff agreed to do certain construction work "in accordance with the specifications marked on said plan" which plan specified the width of the walls to be built and did not show or require any footing under the walls, and after a portion of the work had been completed the work was stopped by the Inspector of Buildings, who required additional security at an increased cost, which defendant owner refused to pay, plaintiff was justified in abandoning the contract and was entitled to recover the reasonable value of his work.

Assumpsit. Heard on exceptions of defendant and overruled.

Sweeney, J. This is an action in assumpsit to recover the value of work done in the city of Providence by the plaintiff for the defendant. The parties signed a written contract by which the plaintiff agreed to perform the work specified therein, and in accordance with special plans prepared in connection with the repairs to a house and cellar, and "the work shall be built in accordance with the specifications and designations marked on said plan." The plan specified the width of the walls to be built. The plaintiff commenced the performance of the work required under the contract by digging the cellar and getting ready to put in the cement walls of the width required by the plan, when Lemuel O. Phillips, an assistant inspector of buildings of the city, inspected the premises and, not being satisfied with the firmness of the soil beneath the proposed walls, stopped the work unless the parties interested had a footing wall put under the cement walls, or dug deep enough to get down to a solid foundation. The assistant inspector gave the plaintiff a sketch of the footing wall required, showing it to be one foot thick and four feet wide, and as the construction of such a footing wall would cost a substantial sum of money the plaintiff declined to proceed with the work unless the defendant agreed to pay him the extra cost. The defendant would not agree to pay the plaintiff the cost of this additional work and the plaintiff, being unable to proceed with the work he had contracted to perform, on account of the order of the assistant building inspector, abandoned the work, and brought this action to recover compensation for the work already done and the materials supplied. The plaintiff admitted that he had received one hundred dollars on account and claimed a balance due of one hundred eleven dollars. The jury returned a verdict for the plaintiff in the sum of one hundred thirty-one dollars and fifty-five cents, which included three years' interest on the sum claimed by the plaintiff. The defendant duly filed her motion for a new trial and after hearing, the motion was denied by the trial justice. The defendant then duly brought the case to this court by her bill of exceptions.

(1)　　The second exception is to that portion of the charge wherein the court said that "the plaintiff claimed that he was notified that he must either put a broad stone foundation under the wall, or else dig a foot deeper than the plan called for, or otherwise not build at all. Now if that was the act of the City, and not wilfully caused by the plaintiff, he would have a right to abandon the contract, and having abandoned it, he would have a right to recover the reasonable value of what he had previously done and which had not been paid for." This was a correct statement of the law applicable to the case, as it is well established that the performance of a contract cannot be compelled where it would involve a violation of law. 13 Corp. Jur. Sec. 720, page 646. The defendant cites the case of *Ford & Denning v. Shepard Co.*, 36 R. I. 497, as an authority to sustain her position. In this case the court ruled, in construing the contract, that it was incumbent upon the plaintiffs to take care of the question of sand whatever might be the expense to them of doing it. In the case at bar the plaintiff agreed to build the walls in accordance with the specifications and designations marked on the plans. The plans specified the width of the walls to be built and did not show nor require any footing under the walls. In the case cited the plaintiffs abandoned their contract against the protest of the Shepard Co., and after the company made a written promise to pay for all work and materials necessary for the completion of the work undertaken, not required by the terms of the contract. This court held that the evidence showed that the plaintiffs were not justified in abandoning their contract and therefore not entitled to recover under the common counts for any work and materials furnished. In the case at bar the plaintiff did not voluntarily abandon the work required under his contract, but was prevented from proceeding with it by order of the assistant building inspector requiring a footing wall to be placed under the cement walls. The plaintiff endeavored to agree with the defendant upon a price for the new work required, and upon failing to do this,

and the defendant not offering to have it done, the plaintiff was justified in abandoning the contract and bringing suit to recover the balance due him for work and materials furnished. The defendant's exception to the action of the .trial justice in denying her motion to direct a verdict cannot be sustained as it was necessary to submit the case to the jury on the conflicting testimony upon the questions of whether or not the plaintiff had released the defendant from all claims and demands growing out of the contract, and, if not, what amount, if any, was due to the plaintiff as reasonable compensation for the work and labor done and materials furnished up to the time of the abandonment of the contract. The verdict of the jury has been sustained by the trial justice, and there is sufficient testimony to support the verdict and his action.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Pettine & De Pasquale,* .for plaintiff.
*McGovern & Slattery,* for defendant.

