## FORT WORTH & R. G. RY. CO. v. NABERS et al. (No. 1904.)

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1926.)

I. Infants ⬥⟜58(I)—Minor's right to disaffirm contract is personal.

Right of minor to disaffirm contract on account of minority is personal to him.

2. Post office ⬥⟜21(4)—Recovery held proper under unconditional contract by railroad company for carrying mail for one year, though Post Office Department took over carrying before end of contract period.

Under unconditional contract with railroad for delivery of mail for period of one year, recovery could be had for full period, though Post Office Department had taken over carrying of mail under rules and regulations existing at time contract was entered into. .

⬥⟜For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 2, 1927.

Appeal from Comanche County Court; R. A. Luker, Judge.

Suit by Thomas L. Nabers, a minor, by his next friend, against the Forth Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Jerome P. Kearby, of Comanche, for appellant.

A. E. Nabors, of Hamilton, and C. C. Hampton, of De Leon, for appellees.

WALTHALL, J. This suit was brought by Thomas L. Nabers, a minor, by next friend, against the Fort Worth & Rio Grande Ry. Co. for $518, interest, and costs, alleging the breach of a written unconditional contract to daily carry the mail to and from the depot of the said railway and the post office at Comanche, Tex., for a period of one year, beginning on October 20, 1921, for the agreed consideration of $60 per month.

Appellee fully performed the service up to and through January, 1922, and tendered his further service through the rest of the year. Without fault on the part of appellee and over his protest, appellant refused to further comply with the contract, and has failed and refused to pay appellee the agreed monthly consideration from February 1st to the end of the contract period.

Appellant answered that, under the rules and regulations of the Post Office Department and Interstate Commerce Commission, existing and in effect at the time the contract was made, the Post Office Department could take over the carrying of said mails, as above, whenever it saw fit to do so, and that it did take over the carrying of said mail, effective February 1, 1922, and gave the contract to another. Appellant and appellee agreed that the law, rules, and regulations were as pleaded by appellant, and that the government did take over the carrying of the said mails because the department claimed "that it could get it done cheaper."

The case was tried without a jury and judgment rendered for appellee.

Opinion.

[1] Answering the first proposition, the right to disaffirm a contract on account of minority is personal to the minor, and his repudiation of the contract is not alleged or shown. The contract of employment found in the record is without qualification or condition.

[2] Had appellant desired to exempt itself from liability to appellee, under the contract, on the happening of the action of the Post Office Department, it could and, we think, should have anticipated the possible withdrawal by the Post Office Department of the handling of the mails, and have so conditioned its liability, but it did not.

We understand the rule to be, and to have its application to the facts of this case, as stated by Judge Talbot of the Dallas Court of Civil Appeals, and the opinion adopted by our Supreme Court in Houston I. & B. Co. v. Keenan, 99 Tex. 79, 88 S. W. 197. The rule is again stated by Judge Higgins for this court, in Davis v. Davis (Tex. Civ. App.) 266 S. W. 797, as follows:

"The general rule is that an intervening impossibility of performance which might reasonably have been anticipated and guarded against in the contract does not excuse performance."

Appellant contracted unconditionally with appellee to pay him $60 per month for a period of one year, with full knowledge that the Post Office Department could assume the right to give the contract for carrying the mail to another, and which it did.

The trial court was not in error in rendering judgment for appellee.

The case is affirmed.