## RELEASE FROM OBLIGATION TO REBUILD DEMISED PREMISES DESTROYED BY FIRE.

Common Pleas Court of Clark County.

CORNELIA B. RABBITTS ET AL., V. THE J. G. MCCRORY OHIO COMPANY.

Decided, ———.

*Landlord and Tenant—Stipulation in Lease for Restoration of Building if Destroyed by Fire—Old Building of Wood—Municipality Prohibits Erection of any but Fire Proof Buildings in that Locality—Wooden Building Burns—Lessor Released from his Obligation.*

Premises upon which there was a wooden building were leased with the proviso that, if the building was destroyed by fire, it should be replaced by the lessor. The building burned before expiration of the lease, but in the meantime the municipality had decreed by ordinance that only fire proof buildings could be erected in that locality. Compliance with this requirement would be much more expensive than if wood was used, and there was no provision in the lease for increased rental.

*Held*: The contract of the lessor was, in case of fire, to restore or reconstruct the existing wooden building, and this having been rendered impossible by governmental action he was released from his obligation so to do.

GEIGER, J.

The plaintiffs in their petition recite the leasing of certain premises to the defendant, setting up in detail the terms of such lease, and the fact that the building located thereon was destroyed by fire, and pray the court may determine the respective interests of the parties thereto in the real-estate, and that the plaintiffs' title to said real-estate be quieted, and the defendant be barred from claiming any right to or in respect to the real-estate, or under the lease.

The defendant's answer and cross-petition states, in substance, the provisions of the lease under which the premises in case of fire were to be re-built, and also set up the fact that the rental value of said premises has increased, and that by reason of the failure of the plaintiffs to rebuild the building, it has been damaged, and the defendant prays that the plaintiffs be directed speedily to rebuild said premises, as agreed in the lease, or that dam-

ages to the defendant be assessed and judgment therefor be entered in its favor.

To this pleading the plaintiffs file an amended answer and reply, setting up as a first defense certain restrictive building ordinances that were passed by the municipal authorities subsequent to the execution of the lease, which ordinances require that buildings within certain restricted districts, shall fall within one of three classes of fire proof construction.

It is alleged that the building on the premises at the time of the execution of the lease, was constructed in 1875, and was in no respect fire proof, and that by virtue of the ordinances it is now impossible to re-construct the building as it then existed; that to re-construct it so as to fall within any of the three specified classes would cost greatly in excess of what would have been required to construct the building which stood upon the premises at the time of the lease.

As a second defense, the plaintiffs allege that by certain provisions of the lease, there were covenants covering certain improvements, half of the cost of which would be met by each of the parties to the lease; that none of said improvements were completed prior to the fire, and that the lease contained no provision respecting the nature or character of the re-building, in the event of the destruction occurring before the improvements were made, and that therefore the lease does not contain any standard by which the plaintiffs' performance of said covenent to re-build, could be determined. The defendant demurs generally.

It is claimed on the part of the plaintiffs' that the ordinances now forbidding the construction of a building such as existed before the fire, are a defense, and upon the part of the defendant it is claimed they are not. This gives rise to an interesting question.

The rule is briefly stated in Corpus Juris, Vol. 13, page 646, as follows:

"Performance of a contract cannot be compelled where it would involve the violation of law. Hence a contract is discharged where, after it has been entered into, the performance is made unlawful. The exception does not apply however, where the impossibility created by the law is

only temporary, or where the change merely makes performance more burdensome."

The defendant takes the position that the defense of incapacity to perform the contract is not favored, and that courts are inclined to compel the performance of a contract according to its substance if this be possible, when for any reason the party is incapacitated from a literal fulfillment of the contract, and that in the event a contract is valid when made, and has been rendered invalid by subsequent legislation, the tendency of the court will be to require its execution, in substance, if possible, so as not to bring the performance within the exact and literal prohibitions of the statute, and that difficulty of performance will not excuse performance.

The issues in the case made by the answer of the defendant and reply of the plaintiffs, must not be overlooked. The defendant asks damages, and that the court require the plaintiffs to perform the conditions of the lease and reconstruct the building.   The plaintiffs answer that this is impossible on account of the ordinances.

Perhaps the leading case in America is that of *Cordes* v. *Miller*, 39 Mich. 581, opinion by Cooley.

The lease in question involved a provision that the lessor be required to reconstruct a building if the same were destroyed by fire.   The building was of frame, and was destroyed.   The lessee notified the lessor to re-build, and preparations were made to do so.   Subsequently the council passed an ordinance prohibiting the erection of wooden buildings within certain limits.   The building was then reconstructed as a brick building, into which, when completed, the lessee moved.   The lessee, complaining that the building was not put up in a suitable manner, brought suit on the covenant, and the question was whether such suit could be maintained.

It was asserted by the lessor that the ordinance made the erection of a structure as originally leased, impossible, and the lessee asserted that the re-building was not impossible, and that the lessor, when he covenanted to re-build in case of fire, took upon himself the risk of being compelled to make use of some other material than wood.

The court states that this would not be a fair construction of the lease; that the lessor covenanted to re-build, if destroyed by fire, the building he leased; he did not covenant that if not allowed to re-build, that he would put up another, on the same plan, of more substantial, and presumably, more costly material. Had the contigency of fire been in the minds of the parties at the time of the execution of the lease, it is scarcely conceivable that the lessor would have consented to put up a brick building in place of the one leased, and to recive for it the same rent the wooden building brought him, when its rental value would be greater, and its cost presumably more.

The syllabus of the case is as follows:

"A covenant in the lease of a wooden building, binding the landlord to re-build in case it burned, is released by the passage of a valid municipal ordinance forbidding the erection of a wooden building."

Counsel for plaintiffs state that this case has been cited with approval in the Supreme and Appellant Courts of fourteen different jurisdictions, altho such cases are not pointed out in the brief. See—*Dibiasio* v. *Ross,* 110 Atl. 415. (Rhode Island.) A number of cases are also discussed in *Adler* v. *Miles,* 126 N. Y. S. 135. In that case the court states, the rule that where a party, by his own contract creates a duty or charge upon himself, he is bound to make it good if he may, notwithstanding any accident or inevitable necessity, because he might have provided against it by his contract.

In commenting upon this rule, it is stated "that it does not apply where the performance becomes impossible by reason of change of law, or of an action taken under governmental authority. In such a case the reason for the general rule does not exist. The parties to the lease contracted with a view to the law as it existed at the time the lease was made. To hold them bound to anticipate future legislation would be equivalent to making them obligate themselves to the performance of conditions prescribed by others, which in the nature of things could not have been within the contemplation of the parties at the time the contract was made. The parties to the lease

contracted to do a thing which at the time the lease was made, was lawful." A number of cases are reviewed in this case.

The case of *Beck* v. *Allison*, 56 N. Y. 366 is interesting, in that it raises the question whether a court of equity has the right to compel the specific performance of repairs to a building damaged by fire. Numerous cases, including English cases are cited, to the effect that the court cannot, for various reasons, decree specific performance in relation to repairs, or the erection of buildings.

The case of *Hart* v. *Theaters Company*, 215 N. Y. Repts. 332, holds that:

"Courts will not be astute to sustain contracts when the effect will be to weaken the efficacy of laws and regulations designed for the protection of human life. Where a contract on its face, whether so intended by the parties or not, offends against statutes intended to promote public safety, the courts will not enforce it."

Applying these rules to the case at hand, it appears to the court that the parties entered into a contract by the terms of which, in case of destruction by fire, they were to re-build the building then erected upon the premises, and the city ordinances are now such that no such building can be erected at the point in question, and that the court would not be justified in compelling the lessors to erect a more costly building, to be occupied by the lessees, at the same rent that was agreed by the lease to be paid for the occupancy of the less valuable building.

Of course had it been possible to re-construct the building substantially as it existed at the time of the fire, the fact that it would cost more to so construct it by reason of an advance in the cost of labor and material, would not be a good defense, if under the equity powers of the court, the court has the right to compel specific performance on which point, the court does not now give expression.

It is quite apparent that the parties at the time of the execution of the lease, never had in contemplation the erection, in case of fire, of an expensive, fire-proof building, instead of the inexpensive, inflammable building that was the subject of the lease.

The defendant cites the case of *Board of Education* v. *Townsend,* 63 O. S. 514, in which it is held:

"Inevitable accident will not excuse the performance of a contract where its essential purposes are still capable of substantial accomplishment, though literal performance has become physically impossible."

"When a party has one or the other of two modes of performing a contract, and one of them becomes impossible by the act of God, he is bound to perform it in the other mode."

The court is unable to see that the facts and reasoning in this case necessitate a different view from that taken by the court. The demurrer to the first defense will therefore be overruled.