## BURGETT v. LOEB.

[No. 6,737.   Filed May 14, 1909.]

1. LANDLORD AND TENANT.—*Lease for Saloon Business.—Contracts. —Public Policy.*—A five-year lease of premises to be used for saloon purposes is not void as being contrary to public policy. p. 659.

2. CONTRACTS.—*Subsequent Impossible Performance.—Subsequent Change of Law.—Discharge.*—The promisor in a contract is not discharged because of the subsequent impossibility of performance thereof, except where such impossibility is occasioned by a change of the law making such performance unlawful. p. 659.

3. LANDLORD AND TENANT.—*Lease for Saloon.—Denial of License.*— The denial of a license to retail intoxicating liquors, by the board of commissioners, to a tenant, does not discharge him from the terms of an absolute five-year lease to the premises. p. 659.

4. LANDLORD AND TENANT.—*Leases for Five Years.—Discharge by Oral Contract.*—A written lease for five years cannot be discharged, changed, or modified by a subsequent parol agreement. p. 660.

From Morgan Circuit Court; *Silas C. Kivett*, Special Judge.

Action by Isaac A. Loeb against Charles F. Burgett. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*O. Matthews,* for appellant.

*C. G. Renner* and *J. C. McNutt,* for appellee.

COMSTOCK, P. J.—The complaint is upon a written lease, and alleges that the defendant had leased from the plaintiff certain property (describing it) for the term of five years for $660 per year, payable in monthly instalments of $55 in advance on the first day of every month; that defendant occupied the premises under said written lease from August 7, 1901, to March 1, 1904, when he vacated and abandoned the premises, and refused to pay rent thereafter for the remainder of the term of said lease; that it was provided in said lease, among other things, that if said defendant abandoned or vacated said premises the same should be relet by the plaintiff upon the best terms obtainable, and from the sum thus realized, after paying expenses of reletting and collecting such rent, the tenant agreed to satisfy and pay all such deficiency; that the defendant paid up to the time he vacated the premises the sum of $1,705; that thereafter the plaintiff relet said premises, as provided in said written lease, for the highest and best obtainable price, and received, up to the time of the expiration of said lease, $607.60, leaving a balance of $987.40 due on the contract, for which he asks judgment. A copy of the written contract is made a part of the complaint. To this complaint the defendant's demurrer for want of facts was overruled, and he answered in two paragraphs: (1) General denial; (2) setting up a subsequent parol agreement, to which,

afterwards, a demurrer was sustained. Upon the issues thus formed the court found in favor of the plaintiff, and rendered judgment for $514.75.

The first and second specifications of error question the sufficiency of the complaint; the third, the action of the court in sustaining the demurrer to the additional paragraph of appellant's answer.

The objection urged to the complaint is that the lease showed that the premises were let for "saloon purposes," and for that only; that the statutes of this State

1. make it unlawful for one to retail intoxicating liquors without a license, and that provision is made for the granting of a license for one year only, and said lessee might be denied a license for all or a part of the term during which, according to the lease, he was to occupy the premises for saloon purposes only. From these premises it is argued that the contract was against public policy, because it bound appellant to do for a period of five years a thing that might at any time become unlawful for him, if the provisions of the law were put in operation against him. The saloon business, or the business of retailing intoxicating liquors, is authorized by law in Indiana. It is not the business, but the manner in which it is conducted that makes it unlawful.

It is the general rule that, where the performance of a contract becomes impossible subsequently to the making of the contract, the promisor is not thereby discharged.

2. To this rule there is a well-established exception, viz.: Where the performance becomes impossible by a change in the law, the promisor is discharged. The facts here presented do not bring the case at bar within the exception. Appellant did not discontinue his business because of a change in the law, but because of its ap-

3. plication. At the time of entering into the contract, that he might subsequently, by the proper authorities, be denied license was a probability well known to him.

*Houston Ice, etc., Co.* v. *Keenan* (1905), 99 Tex. 79, 88 S. W. 197; *San Antonio Brewing Assn.* v. *Brents* (1905), 39 Tex. Civ. App. 443, 88 S. W. 368; *White* v. *Stuart, Buchanan & Co.* (1882), 76 Va. 546, 563, 564. With this knowledge appellant made his promise unconditionally. He took the risk of being held liable for the rents, even though performance became impossible by reason of circumstances beyond his control. The court did not err in overruling the demurrer.

Did the court err in sustaining the demurrer of the appellee to the additional paragraph of appellant's answer?

4.    Said paragraph admits the existence of the contract in suit, but sets up, as a reason why it should not be enforced, a subsequent parol agreement made and entered into by the lessor and lessee, that in the event the defendant could not procure, or failed to procure, a license to sell intoxicating liquor in the room described, he should not be expected to keep the same, and might surrender it to the appellant at any time. The facts set up in said answer show that appellee vacated the premises because he had been, by the proper authorities, denied a license to conduct said business. The lease, being for over three years, was required to be in writing. §7462 Burns 1908, §4904 R. S. 1881. It could therefore be changed or modified only by a written instrument. *Bradley* v. *Harter* (1901), 156 Ind. 499; *Woodberry* v. *Duvall* (1860), 15 Ind. 160; *Rigsbee* v. *Bowler* (1861), 17 Ind. 167; *Sinard* v. *Patterson* (1834), 3 Blackf. *353; *Ramage* v. *Wilson* (1906), 37 Ind. App. 532; *Heller* v. *Dailey* (1905), 34 Ind. App. 424; *Heller* v. *Dailey* (1902), 28 Ind. App. 555.

Judgment affirmed.