## HOOPER *v.* MUELLER.

LANDLORD AND TENANT — CONTRACTS — INTOXICATING LIQUORS — TERMINATION OF LEASE — IMPOSSIBILITY OF PERFORMANCE — LEGALITY OF OBJECT.

In an action for rent under a lease for a fixed term, in which a proviso is incorporated that the landlord shall procure two sureties for the tenants' liquor bond, it is a defense to the action, that, local option having been adopted in the county, the performance of the contract was rendered unlawful and impossible.

Error to Shiawassee; Miner, J. Submitted October 12, 1909. (Docket No. 42.) Decided November 5, 1909.

Assumpsit by Frederick W. Hooper and James D. Glavin against Louis Mueller and Charles Mueller, co-

partners as Mueller Brothers, for rent.  A judgment for plaintiffs for less than the amount claimed is reviewed by them on writ of error.    Affirmed.

*Stone & Watson*, for appellants.

*Walsh & Pardee*, for appellees.

McALVAY, J.   Plaintiffs on June 3, 1903, leased to defendants a certain building in Alma, Mich., and the hotel furniture and fixtures therein for a term of eight years after May 1, 1903, to be occupied for hotel and saloon purposes, for a rent of $600 a year payable at the rate of $50 every month in advance.   The written instrument contained other ordinary provisions of a lease, and also the following:

"The said first parties further agree that in case they are unable to furnish, that is secure, for the said second parties, or the tenant of said parties, two sufficient bondsmen required by law in case of retail dealers in malt and spirituous liquors, at second parties' own proper expense, however, then this lease shall be and become void."

Defendants took possession and occupied and used the premises for the purposes mentioned in the lease until May 1, 1908, on which date, by reason of regular proceedings, the provisions of the "local-option law" became operative in Gratiot county, and the sale of intoxicating liquors thereby was prohibited.   This suit was brought to recover the rent unpaid, for a period including the months of May and June, 1908.   Defendants gave notice with their plea that the adoption of local option in that county avoided the lease after such law went into effect.   The facts are all stipulated.   Upon the trial the court held with the defendants, and rendered a judgment for the amount of rent due to May 1, 1908, holding that this lease on that date became void and not enforceable.   This is the only question in the case.   Plaintiffs have brought the case to this court for review, having assigned error upon the holding of the court above stated.

It is contended by appellants (1) that the contract did not provide for its abrogation in the event of the adoption of local option, consequently (2) the law would not operate to avoid it on the happening of that event.

It is not argued by either party that the contract was not such an one as the parties at the time could not undertake to perform, and which could not be enforced. The local-option law which went into effect in that county during the term of this lease rendered the performance of the contract on the part of plaintiffs impossible. They had agreed that in case of failure to furnish and secure bondsmen for defendants as retail liquor dealers, the lease should be and become void. It may well be said that they contracted with reference to this contingency which has arisen, as well as to any other circumstance which would intervene, either from their own acts or otherwise. This was a part of the consideration which induced defendants to enter into the lease.

In a recent well-considered case decided by the supreme court of Maine, the question involved in the case at bar was before the court. It was held that the enactment of a law after a lawful contract is made which renders its performance unlawful, discharges the contract. *American Mercantile Exchange* v. *Blunt,* 10 L. R. A. (N. S.) 414 (102 Me. 128, 66 Atl. 212), notes, and cases cited. In the case note it is stated:

"The authorities are almost unanimous in holding that, where the act contracted for is rendered unlawful by the enactment of a statute before the expiration of the time for performance, the obligation is thereby discharged"— citing, among other cases, *Cordes* v. *Miller,* 39 Mich. 581 (33 Am. Rep. 430).

We agree with the trial court that the lease became void for the reasons stated. The findings of the court support the judgment. The rent for which a recovery was allowed became due at stated periods. By an apparent oversight in computing interest to be allowed plaintiffs on the amount they were admittedly entitled to recover,

the interest on each payment from the time it became due was not included. It is merely a matter of computation. No error is assigned upon this. It was not discovered until after the record was printed.

The judgment, including interest as above suggested, is affirmed, with costs to defendants.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.