# Greil Bros. Co. *v.* Mabson.

## *Assumpsit.*

(Decided December 19, 1912.　Rehearing denied February 13, 1913.
60 South. 876.)

1. *Landlord and Tenant; Lease; Termination by Law; Bar or Bar-Room.*—Where the lease was "of the bar room and fixtures known as the Windsor Hotel Bar \* \* \* for occupation as a bar, and not otherwise," the lessee was relieved from performance and from liability for rent after January 1st, 1909, where he vacated and surrendered the property on that date, by the prohibition law enacted subsequently and effective on that date, since the property was leased for use as a place for selling intoxicating liquors; the words bar and bar room having a more restricted sense than the word saloon, meaning a place from which intoxicating liquors are sold.

2. *Contract; Impossibility of Performance; Discharge.*—As a general rule the promissor is not discharged, where performance of a contract becomes impossible subsequent to its making, unless the impossibility is caused by a change in the law, or by some action or authority of the government, in which case the promissor is discharged.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by T. H. Mabson against the Griel Bros Company.　Judgment for plaintiff, and defendant appeals.　Reversed and remanded.

The action was based upon eight promissory notes for the sum of $300 each, together with attorney's fees, given as rent notes for a certain part of the Windsor Hotel and fixtures therein, to be used for a barroom, and for no other purpose.　The following are the special pleas referred to:

(3) "That the consideration for the notes sued on was for rent of the barroom and fixtures known as the Windsor Hotel bar, located in the Windsor Hotel building in the city of Montgomery, Alabama, on Commerce

street therein, which said property was rented and hired to the defendant by the plaintiff on, to wit, the 8th day of May, 1907, for occupation and use as a bar, and not otherwise for and during the term of five years to wit, from the 8th day of May, 1907, to the 8th day of May, 1912, inclusive, at and for the sum of $300 per month, payable on the 8th day of each month in advance; and defendant avers that heretofore, to wit, on the 23d day of November, 1907, a law was enacted by the General Assembly of the state of Alabama entitled 'An act to prohibit the manufacture, sale, barter, exchange, giving away to induce trade, the furnishing at public places or otherwise disposing of any alcoholic, spirituous, vinous or malt liquors, or other liquors or beverages by whatever name called, which if drunk to excess will produce intoxication, except the sale of alcohol in certain cases upon certain conditions, and except the sale of wines for sacramental purposes.' Defendant further avers that on and after the 1st day of January, 1909, it became unlawful by reason of the enactment of said law to sell spirituous, vinous, or malt liquors in the city or county of Montgomery and the property so rented and hired to it by the plaintiff, as above alleged, could not be lawfully used by it for the purpose for which the same was rented and hired; and defendant further says that on, to wit, the 31st day of December, 1908, it abandoned the possession of said property and tendered the same to the plaintiff; wherefore it says it is not liable."

(4) Practically the same as 3 down to and including the words "in advance," and then sets out specifically the description of the room, together with a detailed description of the fixtures and furniture therein included. It adds: "And defendant avers that, pursuant to the provisions of said contract, defendant did, through

its subtenant, go into the possession of said property and use the same for the purpose of conducting a bar-room up to the 1st day of January, 1909. And defendant further avers that on and subsequent to the 1st day of January, 1909, the said property could not be further lawfully used by it for the purpose for which the same was rented and hired, for the reason that on or about the 23d day of November, 1907, a law was enacted by the Legislature of Alabama entitled" (same title as set out in plea 3, with the conclusion of the plea as shown in plea 3).

(5) Same as 4, with the description of the property therein contained, and alleging that said store fronted on Water street, in the city of Montgomery, and that the front thereof was so arranged that the entire length and height thereof was built up with the same character of material as the said bar fixtures, to wit, hard-wood and glass, making the appearance attractive, and blown in on one of the glasses in front of the said bar were the words "Exchange Bar," and that the balance of the property so rented and hired by the defendant from the plaintiff was such personal property as had always been used for carrying on and conducting a bar-room. "And defendant further avers that said property was rented and hired to it by the plaintiff, the plaintiff knowing that the same was to be used by the defendant, or by some one to whom the same would be rented and hired by the defendant, for the purpose of operating a barroom, wherein intoxicating liquors and beverages would be sold; and the consideration for the use and hire of such property by the defendant from the plaintiff was fixed, and so understood by the plaintiff, to be based upon the fact that the same was to be used for the purpose of selling intoxicating liquors and beverages." Then follows the allegation of the enactment

of the law set out in plea 3, with the conclusion as in plea 3.

Plea 6 sets up the same facts as plea 3, with the allegation that the contract was terminated on the 1st day of January, 1909, because of the enactment of law referred to in plea 3.

The demurrers raise the question as to the sufficiency of the allegation of incapacity to use the building for other purposes than the sale of intoxicating liquors; that the allegations fail to show that the notes sued on were destroyed by the passage of the act therein referred to; that it is not shown by the allegations of the pleas that the passage of the act therein referred to destroyed or deprived the defendant of the beneficial use of the premises. It is not alleged that the plaintiff declined or refused to permit the defendant to use the premises for other legitimate purposes, or that the plaintiff consented to an abandonment of the premises, or re-entered and took possession so as to release defendant of his obligation to pay; that no estoppel is shown, and no facts alleged which would constitute a legal defense to the notes sued on.

STEINER, CRUM & WEIL, for appellant. There is a marked distinction in the authorities in the definition of the word saloon and bar, the latter contemplating a place where intoxicating liquors are to be sold.—1 Words & Phrases, 701; 68 Am. St. Rep. 80; 122 N. C. 639; 103 Pacific 14. Appellee was bound under the contract to have permitted the use of the property as a bar and appellant was restricted to the use specified. —McDaniel v. Callen, 75 Ala. 327; Parkman v. Aicardi, 34 Ala. 93; 24 Cyc. 1062-1064. It is universally held that where the act or thing contracted to be done is subsequently made unlawful by an act of the Legislature

the promise is voided, and likewise where the performance depends upon the continued existence of the thing which is the basis of the agreement the destruction of the thing terminates the obligation.—3 Paige on Contracts, sections 1363-1370; 113 S. W. 354; 102 N. W. 410; 98 N. W. 66; 123 N. W. 24; 10 L. R. A. (N. S.) 414 and note; 12 L. R. A. 66; 142 N. Y. 456; 9 Cyc. 629-630; 2 Parsons on Contracts 673. If the prohibition laws had been in force at the time the contract was made the contract would have been void for illegality of consideration.—*Wadsworth v. Dunnam,* 117 Ala. 661; *Sims v. Ala. Brewing Co.,* 132 Ala. 311; *Folmar v. Siler,* 132 Ala. 297; 9 Cyc. 566-8 and authorities supra. In cases of bailments a person renting personal property is not an insurer and is not liable for its value upon its destruction by fire.—14 L. R. A. 215; Edwards on Bailments 282 and 307; Story on Bailments 378; 5 Cyc. 204. On the question of the apportionment of the rent counsel cite 61 Am. St. Rep. 554 and note; 37 Amer. Rep. 277 and note ; 16 Amer. Rep. 659; 18 South. 546; 92 Amer. Dec. 306; 74 Amer. Dec. 108; 24 Cyc. 1146, 1149, 1150 and 1151; 6 South. 201; *Croswaite v. Caldwell,* 106 Ala. 295. This discussion is applicable to pleas 7 and 8. Pleas 17 to 29, inclusive, show a breach of the contract in appellees act in closing the entrances, and aver that after that time appellant never entered or occupied the premises or any portion thereof.—*Croswaite v. Caldwell, supra; Anderson v. Winton,* 136 Ala. 422; 96 N. W. 480; 77 N. Y. Supp. 854; 83 N. W. 288; 44 Am. St. Rep. 774; 95 N. W. 600; 64 Am. St. Rep. 272; 21 L. R. A. (N. S.) 38 and notes.

J. M. CHILTON, W. M. BLAKEY, and HILL, HILL & WHITING, for appellee. The passage by the Legislature of the prohibition law after the execution of the lease

for the purpose of conducting a barroom did not cancel
the lease and was no defense to an action for rent by
the landlord.—*O'Byrne v. Hendley,* 161 Ala. 620; 99
Texas 479; 88 S. W. 368; 31 N. W. Supp. 818; 18 A.
&. E. Ency. of Law, 303; 24 Cyc. 1148; 11 Ky. L. R. A.
181. The condition in the lease being for the benefit
of the landlord he was entitled to waive it if he saw
fit and by bringing suit upon the rent note he is held
to have waived it.—18 A. & E. Ency. of Law, 384-5; 6
H. L. Cases, 672; 3 Coke 64-A; 10 L. T. N. S. 587. The
lessee was without right to set up the impossibility of
the performance of the particular covenant on his part
as a reason for the failure to pay the rent stipulated in
the lease.—*Brooks v. Rogers,* 99 Ala. 435; 24 Cyc. 1063-
4, 1351, 1359. The tenant is liable for the rent although
the premises are destroyed by the public authority or
rendered untenantable.—25 Cyc. 1158. The passage of
the prohibition law neither cancelled the lease or gave
the appellant the right to claim any abatement of rent
by reason thereof.—*Farrier v. N. E. M. S. Co.,* 92 Ala.
181; *Stein v. Mayor, etc.,* 49 Ala. 369; 5 Am. Rep. 450;
18 A. & E. Ency. of Law, 309, 627 and 628. The facts
shown did not amount to an eviction.—*Rice v. Dud-
ley,* 65 Ala. 68; *Warren v. Wagner,* 75 Ala. 188; 69
Illinois 201; 20 N. Y. 281; 31 N. Y. 514; 33 N. J. L. 44.
There can be no damages recovered where none is
shown.—*Buist v. Guice,* 95 Ala. 254 and cases cited.
As to the power of the court to declare the contract
avoided by reason of the passage of the prohibition law
and thus relieve appellant of his contract, attention is
directed to the following cases: *Osborne v. Nicholson,*
13 Wall, 654; *White v. Hart,* 13 Wall. 646; *Bailey v.
Milstenberger,* 31 Pa. 41; *Ellis v. Welch,* 6 Mass. 246;
22 Gratten 480; *Madden v. Hooper,* 42 Ala. 397.

DOWDELL, C. J.—The lease, as entered into by the parties, says "that the parties of the first part have this day leased to the parties of the second part the following premises in the city of Montgomery, Ala., viz.: The barroom and fixtures known as the Windsor Hotel bar, and located in the Windsor Hotel building on Commerce street, for occupation as a bar, and not otherwise." It will be noted that the lease includes the barroom and fixtures inseparably, and provides that the room is to be occupied "as a bar, and not otherwise." Appellee was bound, under this contract, to have permitted the use of the property as a bar, and the appellant was prohibited from using it for any other purpose.—24 Cyc. 1062-1064, and note 6; *Parkman v. Aicardi* 34 Ala. 393, 73 Am. Dec. 457; *McDaniel v. Callan,* 75 Ala. 327.

"Bar" and "barroom" seem to have a more restrictive meaning than "saloon," and by the great weight of authority mean a place from which intoxicating liquors are to be sold.—Words and Phrases, vol. 1, p. 704; *Town of Leesburg v. Putman,* 103 Ga. 110, 29 S. E. 602, 68 Am. St. Rep. 80; *City of Spokane v. Baughman,* 54 Wash. 315, 103 Pac. 14. It is therefore evident that the main, and, indeed, the sole, purpose for which the property was leased was that it should be used as a place for selling intoxicating liquors. Therefore, did the said business become totally prohibited by the subsequently enacted state prohibition law? We think that such was the result, and that the said prohibition law forbade the very business and purpose for which the property was leased. The general rule is that, where the performance of a contract becomes impossible subsequent to the making of same, the promisor is not thereby discharged.——9 Cyc. 627. But this rule has its exceptions, and these exceptions are where the

performance becomes impossible by law, either by rea-
son of a change in the law, or by some action or author-
ity of the government.—9 Cyc. 629, 630; *Burgett v.
Loeb,* 43 Ind. App. 657; 88 N. E. 346. It is generally
held that, where the act or thing contracted to be done
is subsequently made unlawful by an act of the Legis-
lature, the promise is avoided. Likewise, where the per-
formance depends upon the continued existence of a
thing which is assumed as a basis of the agreement, the
destruction of the thing by the enactment of a law ter-
minates the obligation.—*Hearst v. Tenn. Brew. Co.,* 121
Tenn. 69, 113 S. W. 364, 19 L. R. A (N. S. 964, 130
Am. St. Rep. 753; *Am. Mer. Exchange v. Blunt,* 102 Me.
128, 66 Atl. 212, 10 L. R. A. (N. S.) 414, and note, 120
Am. St. Rep. 463, 10 Ann. Cas. 1022; *Lorillard v. Clyde,*
142 N. Y. 456, 37 N. E. 489, 24 L. R. A. 113; *Wood v.
Building Ass'n,* 126 Iowa, 464, 102 N. W. 410; *School
District v. Howard,* 5 Neb. (Unof.) 340, 98 N. W. 666;
*Hooper v. Mueller,* 158 Mich. 595, 123 N. W. 24, 133
Am. St. Rep. 399; Paige on Contracts, vol. 3, §§ 1363-
1370; *Jamieson v. Natural Gas Co.,* 128 Ind. 555, 28 N.
E. 76, 12 L. R. A. 652. The case of *Hearst v. Tenn.
Brew. Co.,* 121 Tenn. 69, 113 S. W. 364, 19 L. R. A.
(N. S.) 964, 130 Am. St. Rep. 753, is quite similar to
the case at bar. There a place was rented as a whisky
saloon, and before the expiration of the term the sale of
liquor was made unlawful, and the court held that the
lease was terminated by the adoption during the term,
of a law making the sale of liquor illegal. It is true
that the word "saloon" seems to have been used instead
of "bar" or "barroom," but the opinion indicates that
it related to a whisky saloon, instead of a "saloon" in
its broader meaning, and as is defined in our own case
of *O'Byrne v. Henley,* 161 Ala. 620, 50 South. 83, 23 L.
R. A. (N. S.) 496.

In the case of *Burgett v. Loeb*, 43 Ind. App. 657, 88 N. E. 346, the Indiana court held that a lease of a place for the sale of whisky did not become inoperative, because the lessee could not get a license to sell during some of the years covered by the lease. The reason given being that his inability to use the premises for the purpose for which they were rented did not arise from a change of the law, so as to prohibit the business, but resulted from the rejection of his application for a license, and which was a risk that he assumed. The court, however, recognized the general principle of law heretofore stated, as the opinion says: "It is the general rule that, where the performance of a contract becomes impossible subsequent to the making of the contract, the promisor is not thereby discharged. To this rule there is a well-established exception, viz., where the performance becomes impossible by a change in the law, the promisor is discharged. The facts here presented do not bring the case at bar within the exception. Appellant did not discontinue his business because of a change in the law, but because of its application."

We therefore hold, that, as the property was leased for the sole purpose of conducting a barroom, or a place for selling intoxicating liquors, the business was destroyed or prohibited by the enactment of the prohibition law, and the defendant was thereby relieved from performance of the contract after the law became effective, and was not liable for rent after January 1, 1909, if it vacated the premises and surrendered the property, as set out in the special pleas.

This holding is different from the result in the *O'Byrne Case, supra,* as the court there held that the lease was not terminated by the prohibition law, as the business for which the place was rented was not necessarily prevented by said law. There the lease was for

a "saloon," and the definition adopted by the court
made it much more comprehensive than a "bar" or "bar-
room," and the court dwelt upon the fact that the ten-
ant had the right to and could conduct a saloon with-
out disposing of intoxicating liquors; and that the busi-
ness for which the place was rented was not necessarily
abolished or prohibited by law.  Again, the lease there
related only to the building.  Here the lease covered the
room and bar fixtures, and the property was to be used
"as a bar, and not otherwise," and, as set out in the
pleas, was surrendered the day before the prohibition
law went into effect.  On the other hand, the law and
reasoning, as laid down in the opinion in said *O'Bryne
Case,* is in full accord with the present holding and with
the weight of authority.

The case of *Goodrum Co. v. Potts-Thompson Co.,* 133
Ga. 776, 66 S. E. 1081, 26 L. R. A. (N. S.) 498, is not
only opposed to the present holding, but is contrary
to the overwhelming weight of authority.

The case of *Houston Ice Co. v. Keenan,* 99 Tex. 79,
88 S. W. 197, is not opposed to the present holding.
The court in said case recognized the correct exception
to the general rule that performance of a contract will
not be enforced when made impossible by a change in
the law, but held that there was no change in the law
making the performance impossible; that prohibition
resulted from a local option election held under a law
which was in existence when the lease was made; and
that the lessee should have protected himself by a clause
in the lease against a contingency then authorized by
law.  Here the pleas do not set up prohibition under
an election held under a local option law existing when
the lease was made, but an act of the Legislature passed
after the lease was made.

The case of *San Antonio Brewing Co. v. Brents,* 39 Tex. Civ. App. 443, 88 S. W. 368, and *Kerley v. Mayer,* 10 Misc. Rep. 718, 31 N. Y. Supp. 818, upheld the lease, upon the theory that the lessee could use the premises for other purposes, under the terms of the lease; that the provision as to a first-class whisky saloon did not restrict the use to a liquor saloon, but merely restricted the character of that business, and the lessee was therefore authorized to use the building for any other legitimate purpose.

As this case seems to have been tried upon a misconception of the law, which, if applied upon the next trial as above indicated, should eliminate many of the questions involved in the present appeal, we do not deem it necessary to consider all of the assignments of error. It is sufficient to say that the trial court erred in sustaining the plaintiff's demurrers to defendant's special pleas 3, 4, 5, and 6, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, MCCLELLAN, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.