(86 South. 382)

### JERSEY ICE CREAM CO. v. BANNER CONE CO. (6 Div. 113.)

(Supreme Court of Alabama. Oct. 21, 1920.)

1. **Appeal and error** ⬅197(7)—**Objection that matters in avoidance were not pleaded must be first made in trial court.**

An objection that matters in avoidance had not been properly pleaded may not be made for the first time on appeal.

2. **Sales** ⬅359(1)—**Evidence held to sustain finding plaintiff owned account for goods sold.**

Where plaintiff's ownership of the account sued on was not denied, and there was some evidence of his ownership thereof, a finding that he owned the account is sustained by the evidence.

3. **Sales** ⬅172—**Government war restrictions excused shortage in delivery of ice cream cones.**

The war-time food regulations of the government, which restricted the material that could be used for the manufacture of ice cream cones, excused the failure of manufacturer of such cones to deliver the full amount contracted for, under the rule that performance is excused where it becomes impossible by some action or authority of the government.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Assumpsit by the Banner Cone Company against the Jersey Ice Cream Company. Judgment for plaintiff, and defendant appeals. Appeal transferred from Court of Appeals under Acts 1911, p. 450, § 6. Judgment affirmed.

The complaint was originally filed in the name of the "Banner Cone Company, a corporation," and was afterwards amended by striking out the words, "a corporation," and substituting therefor the words "B. F. Wood, doing business under the name of Banner Cone Company." The contract was made November 23, 1917, for a million cones to be delivered beginning January 10, 1918, and ending May 1, 1918. It is insisted that the shipment due in April was 20 days late and 90,000 cones short, and that the following shipments were late and short. The evidence for the defendant tended to show that in June, 1918, defendant wired plaintiff that if they would guarantee the delivery of 70 per cent. of their contract they might ship the balance, with bill of lading attached, and that if deliveries were completed by August 1, defendant would pay past invoices and cancel the contract, and that this the plaintiff refused to do. Evidence for the defendant further tended to show that they had to go into the open market and purchase cones to replace those that the plaintiff had failed to ship, and that cones had greatly advanced in price. The evidence for the plaintiff tends to show that after the contract was made and several shipments forwarded thereunder, the government placed war restrictions upon the use of the main ingredients entering into the manufacture of cones, and that they manufactured and shipped to defendant as many cones under the contract as was possible or allowed by the government restrictions.

Haley & Haley, of Birmingham, for appellant.

The action was not properly brought. 3 Ala. App. 537, 57 South. 266; 48 Ala. 517; section 2489, Code 1907. Impossibility of compliance with contract because of governmental restrictions is no excuse for breach. 3 Amer. L. Rep. 30, 45; 34 Times L. R. 230; 2 K. B. 467; (D. C.) 244 Fed. 250; 207 S. W. 72.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Robert E. Smith, of Birmingham, for appellee.

The performance of the contract was rendered impossible, and the seller was relieved. 60 So. 876. The failure to meet the payments as required by the contract relieved the seller from making future deliveries. 137 N. Y. 471, 33 N. E. 561; 148 N. Y. 81, 42 N. E. 516; 35 Cyc. 252.

McCLELLAN, J. [1] The appellee sued appellant in assumpsit (common counts) to recover for ice cream cones sold by the appellee to the appellant for installment, periodic deliveries, to be paid for 30 days after date of invoices. The total number of cones to be sold and purchased was fixed at 1,000,000. The defenses asserted in short by consent were, besides a general traverse, payment, set-off and recoupment. There was no other pleading filed or noted; but the trial proceeded just as if appropriate issues or matters of avoidance had been interposed; and no point or objection appears to have been taken on the trial to the absence of pleading appropriate to the matters of traverse or avoidance upon which plaintiff relied in bar of the defenses or cross-action asserted by defendant. Under these circumstances, it cannot now avail the appellant that formal pleading asserting the matters in avoidance that are disclosed by the evidence was not filed.

[2] There was evidence justifying a finding —necessarily implied in the conclusion that prevailed in the trial court—that the account or demand declared on belonged to the plaintiff, B. F. Wood, doing business under the name of Banner Cone Company. There was no denial of his ownership of the account in any form, and no evidence that he had disposed of the account.

[3] In Greil Bros. v. Mabson, 179 Ala. 444, 60 South. 876, 43 L. R. A. (N. S.) 664, it was held:

"The general rule is that, where the performance of a contract becomes impossible subsequent to the making of same, the promisor is not thereby discharged. 9 Cyc. 627. But this rule has its exceptions, and these exceptions are where the performance becomes impossible by law, either by reason of a change in the law, or by some action or authority of the government. 9 Cyc. 629, 630; Burgett v. Loeb, 43 Ind. App. 657, 88 N. E. 346. It is generally held that, where the act or thing contracted to be done is subsequently made unlawful by an act of the Legislature, the promise is avoided."

This rule, established here, applied to the advantage of the plaintiff upon which the war-time food regulations of our government operated, pending this contract, to restrict the means and process of producing the article of food manufactured by plaintiff, which it had engaged theretofore to furnish defendant.

There is no merit in the contentions for error made in the brief for appellant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.