157 So. 462

## SLAUGHTER v. C. I. T. CORPORATION.
### 6 Div. 634.

Court of Appeals of Alabama.
June 27, 1934.

Rehearing Denied Oct. 2, 1934.

Locke & Creel, of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellee.

SAMFORD, Judge.

The appeal is on the record, and presents for review rulings of the court on the pleadings only. The complaint is in detinue claiming one certain automobile truck. The pleas are in abatement and undertake to set up the proclamation of the President of the United States and the Governor of the state closing all the banks of the state on March 1, 1933, thereby rendering it impossible for defendant to comply with that certain retention title contract under which plaintiff claims title and his right of action. All of the facts are fully set out in the pleadings.

[■ Admitting the legality of the proclamation of the President and of the Governor of Alabama, closing the banks on March 1, 1933, and declaring a bank holiday for a period covering March 10, 1933, the date of the bringing of this suit (see 12 USCA § 95 note), the proclamation of the President and of the Governor of Alabama, closing the banks, were emergency measures for the protection of the whole people, and in no way were they violative of the Constitution of the state or of the United States. Their purpose was not to invalidate or to impair the obligations of any contracts, but to stabilize banking for the protection and security of the public. No one can now doubt the wisdom and efficacy of the acts of the two chief executives. The principle upon which these proclamations were issued has been approved by the Supreme Court of the United States in Home Bldg. & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481.

■ In this case it is conceded that the title to the truck was and remained in plaintiff

subject to being divested by the prompt payment of certain monthly installments, one of which was due March 4, 1933, and until such default the possession was rightfully in defendants. The only question, therefore, is, Was the payment of the March 4th installment deferred by the proclamation of the President and Governor above referred to, and, if so, is it here properly pleaded? It is not contended here that the payment of the installment due March 4th would have been illegal or that the contract for payment had been rendered permanently impossible of performance by any law which would justify its cancellation. For that reason, if for no other, the case of Greil v. Mabson, 179 Ala. 444, 60 So. 876, 43 L. R. A. (N. S.) 664, has no application. Conceding that the "bank holiday" ordered by the President and Governor was legal and sufficient to render impossible the payment due March 4th on the day it was due, that fact rendered performance or payment temporary only, and could only justify a temporary nonperformance. The rule seems to be as laid down in Williston on Contracts, 3324, par. 1957: "If the delay caused by impossibility is excusable and is of short duration, the promisor is still held bound by his promises, except to the extent of the delay." The plea relates to an insignificant part of the contract calling for delay for a short duration, and should have alleged offer and tender after the emergency had passed.

The demurrer to the plea was properly sustained, and the judgment is affirmed.

Affirmed.